```
UNITED STATES DISTRICT COURT              NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TERRENCE T. STEWART, Agent of
Carlotta Brett-Pierce/Minister
Israel Productions

                Pro se Plaintiff,        MEMORANDUM AND ORDER

     -against-                           12-CV-2558 (KAM)

THE STATE OF NEW YORK (Kings County
Officials); ALAN STUTMAN; CHARLES
J. HYNES, Kings County District
Attorney; EDGAR DOMENECH, Kings
County Sheriff; and NANCY T.
SUNSHINE, Kings County Clerk,

                Defendants.[1]
----------------------------------X
```

**MATSUMOTO, United States District Judge**:

On May 16, 2012, plaintiff Terrence Stewart ("plaintiff"), currently incarcerated at Sing Sing Correctional Facility, commenced this *pro se* action pursuant to 42 U.S.C. § 1983 against the defendants alleging violations of the constitutional rights of Carlotta Brett-Pierce ("Ms. Pierce").[2] (*See generally* ECF No. 1, Complaint.)  Specifically, plaintiff seeks to intervene in the criminal proceeding of Ms. Pierce, allegedly as her "business agent," to assist with her defense and to obtain her release. (*Id.* ¶ IV.) The court grants

---

[1] The Clerk of Court is respectfully directed to amend the caption of this case accordingly.

[2] On May 9, 2012, Carlotta Brett-Pierce was found guilty of murder in the death of her four-year-old daughter before Judge DiMango of the Supreme Court of the State of New York, County of Kings. On June 6, 2012, Ms. Pierce was sentenced to a term of imprisonment of 32 years to life. Ms. Pierce was represented at trial by Alan Stutman, one of the defendants in this action

1

plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order and dismisses the complaint for the reasons set forth below.

### **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon a review of the complaint, the court shall "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (setting forth standard of review for *sua sponte* dismissal of actions proceeding *in forma pauperis*).

In reviewing the complaint, the court is mindful that "[a] 'document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

2

lawyers.'" *Bennett v. City of New York*, 425 F. App'x 79, 80 (2d Cir. 2011) (summary order) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). If a liberal reading of the complaint "'gives any indication that a valid claim might be stated,'" the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

## **DISCUSSION**

The complaint must be summarily dismissed as plaintiff has no right to the relief requested. On these facts, plaintiff has no right to appear on behalf of Ms. Pierce or vindicate her constitutional rights, even as a "business agent." Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "'unlicensed laymen to represent anyone else other than themselves.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Indeed, the Second Circuit has interpreted "28 U.S.C. § 1654, which governs appearances in federal court, to allow two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'"

*Id.* (citation omitted). Accordingly, because the complaint only seeks to allow plaintiff to intervene in the criminal proceeding of Ms. Pierce and does not allege any violations of plaintiff's own rights, it must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).[3]

In addition, the court has considered affording plaintiff an opportunity to amend the complaint. Because the deficiencies in the complaint could not be cured by amendment, however, the court concludes that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming dismissal of *pro se* complaint for failure to state a claim without granting leave to replead because "better pleading will not cure [the basis for dismissal]").

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken

---

[3] Because Ms. Pierce has already been convicted and sentenced in connection with her criminal prosecution, the plaintiff can no longer intervene in Ms. Pierce's criminal case and thus this case appears to be moot. Moreover, Ms. Pierce is already represented by counsel in connection with her criminal case.

4

in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case. Additionally, the Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

      **SO ORDERED.**

Dated:     Brooklyn, New York
             June 6, 2012

                                          /s/
                                    KIYO A. MATSUMOTO
                                    United States District Judge